```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MICHIGAN
                    SOUTHERN DIVISION
```

GALE TRIBETT,

              Plaintiff,

                                CIVIL CASE NO. 03-40325

v.

JLG INDUSTRIES, INC., et al.,    HONORABLE PAUL V. GADOLA
                                                 U.S. DISTRICT COURT

              Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a personal injury action by Plaintiff Gale Tribett, an experienced pipefitter, against, inter alia, the manufacturer and lessors of a mobile scaffolding known as a scissor lift.[1] Plaintiff alleges that due to Defendants' negligence and breach of implied warranty Plaintiff suffered severe and permanent injury to his left knee and leg when he exited the scissor lift. Before the Court is the summary judgment motion of two of the Defendants, S&R Equipment Company, Inc., and United Rentals, Inc., (hereinafter "Defendants") both of whom were the lessors of the equipment. The motion was filed on March 31, 2005. In the motion, the two Defendants seek summary judgment on Plaintiff's negligence and

---

[1] The lawsuit also included as defendants the general contractor, the subcontractor, and the owner of the building under construction. Yet, these parties were dismissed from the lawsuit by stipulation and order on March 16, 2005, leaving only the manufacturer and lessor of the scissor lift as defendants.

breach of implied warranty claims against them.  The Court has determined that a hearing would not aid significantly in the disposition of this motion and elects to proceed without one.  <u>See</u> E.D. Mich. Local R. 7.1(e)(2).  For the reasons stated below, the Court will grant Defendants' motion.

The proof of service for Defendants' motion indicates that it was served on Plaintiff on March 31, 2005, via the United States Postal Service.  Plaintiff has not filed a response opposing the motion.  Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available."  <u>See</u> E.D. Mich. Local R. 7.1(b) (emphasis added). Local R. 7.1(d)(2)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion.  E.D. Mich. Local R. 7.1(d)(1)(B).  Accordingly, the response to this motion was due on approximately April 25, 2005, <u>see</u> Fed. R. Civ. P. 6(e), and since no response has been filed, the motion is unopposed.

The Court, having reviewed Defendant's motion, exhibits, and the applicable law, determines that for reasons stated in the motion and its accompanying brief, the Court will grant summary judgment for Defendants on all claims against Defendants S&R Equipment Company and United Rentals in Plaintiff's complaint.  Specifically, the Court concludes that Defendants did not have a

duty to warn or instruct Plaintiff on the proper method of ingress and egress of the scissor lift because Plaintiff was a sophisticated user, and any danger associated with entering or exiting of the lift was open and obvious. See M.C.L. § 600.2947(4) and M.C.L. § 600.2945(j); Pettis v. Nalco Chemical Co., 150 Mich. App. 294, 302, 388 N.W.2d 343, 348 (1986) (citing Fisher v. Johnson Milk Co., Inc., 383 Mich. 158, 160, 174 N.W.2d 752 (1970)). Furthermore, Plaintiff has not met the heavy burden of showing that Defendants' design was unreasonably dangerous, which is necessary to establish that Defendants breached either their duty to provide a reasonably safe product or the implied warranty of merchantability. Berry v. Crown Equipment Corp., 108 F. Supp. 743 (E.D. Mich 1994); Glavin v. Baker Material Handling Corp., 144 Mich. App. 147, 150, 272 N.W.2d 272 (1988).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants S&R Equipment Company and United Rentals's motion for summary judgment [docket entry 66] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants S&R Equipment Company and United Rentals (Count II) are **DISMISSED** with prejudice.

**SO ORDERED.**
Dated:     May 13, 2005            s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 13, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Jon Feikens; Allen S. Miller                                                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Thomas J. Foley; David G. Sekerak; Jonathan R. Cooper       .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845